UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINDER SAHI,

      Plaintiff,

vs.

LIFE TECHNOLIGIES CORPORATION,

      Defendant.
_____/

Civil Case No.
11-CV-10920

HON. MARK A. GOLDSMITH

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

### I.  INTRODUCTION

This is an employment discrimination and retaliation case filed under the Elliott Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq.  Plaintiff Jasminder Sahi, a former research fellow of Defendant Life Technologies Corporation, claims (i) a sexually hostile work environment and (ii) wrongful termination in retaliation for complaining of sex discrimination and objecting to Defendant's alleged illegal and fraudulent business conduct.  As the case currently stands, Plaintiff brings her claims under ELRCA only; however, she states in her complaint that she will add a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. when she receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  Compl. ¶¶ 38, 45, 52.

Now before the Court is Defendant's motion to transfer venue from the Eastern District of Michigan to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). Defendant argues that the Middle District of North Carolina is a more convenient venue to try this case.  Plaintiff does not agree and urges the Court to honor her choice of venue.  This matter

was originally scheduled for oral argument on July 14, 2011; however, after reviewing the motion papers, the Court finds that oral argument would not aid the decisional process.  See E.D. Mich. LR 7.1(f).  For the reasons that follow, Defendant's motion will be denied.

## II.  BACKGROUND

Defendant is a corporation with its headquarters in California and office locations around the world, including Durham, North Carolina.  Comp. ¶ 2.  Plaintiff has resided with her husband and children in Ann Arbor, Michigan since 1996, well before she began working for Defendant in 2005.  Sahi Aff. ¶¶ 2-4.

Throughout her employment with Defendant, Plaintiff worked primarily from her home office in Michigan.  Id. ¶ 7.  Plaintiff travelled regularly throughout the United States and abroad for her job, but spent more time working out of her home in Michigan than anywhere else.  Id. ¶ 15.  Defendant listed Plaintiff as a "remote employee" in its Company directory, which listed her Michigan phone number, but without an address.  Id. ¶ 8.  In addition, throughout her employment, Defendant paid for Plaintiff's phone service and office supplies for her Michigan office.  Id. ¶ 9.  Defendant also covered Plaintiff's internet service for part of that time, and provided Plaintiff with a cell phone with an Ann Arbor area code.  Id.  In her role as an employee of Defendant, Plaintiff had regular contact with Defendant's Michigan customers.  Id. ¶ 10.  She had contact with one North Carolina customer, but only because that customer was Plaintiff's personal friend.  Id.

Plaintiff was assigned an office in Durham for use when she was there; however she did not keep personal belongings in the office, and Defendant allowed other employees and visitors to occupy Plaintiff's office in her absence.  Id. ¶¶ 11-12.  Plaintiff has never maintained a residence in North Carolina.  Id. ¶ 13. Instead, she stayed at a hotel or at a friend's house when

she was in Durham for work. Id. Moreover, Defendant provided Plaintiff with a rental car when she was in Durham. Id. ¶ 14. Plaintiff pays Michigan taxes, not North Carolina taxes. Id. ¶ 16. Plaintiff also received her paychecks through direct deposit into an account at a Michigan bank. Id. ¶ 16.

The alleged harassment giving rise to this lawsuit occurred in Durham by way of email and teleconferences; one incident occurred in Austin, Texas. Compl. ¶ 14. According to Defendant, Plaintiff was terminated due to a restructuring of the company. Id. ¶ 27. As a result of her termination, Plaintiff was denied access to her computer files, telephone, and Durham office. Id. ¶ 28.

### III. LEGAL ANALYSIS

#### A. Law

Defendant seeks to transfer the case under 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts maintain broad discretion to grant or deny motions under § 1404(a). Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994). In determining whether a transfer under § 1404 (a) is appropriate, the Court considers whether: (i) the action could have been brought in the proposed transferee-court; (ii) a transfer would serve the parties' and the witness' convenience; and (iii) a transfer would promote the interests of justice. Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp.2d 934, 936 (E.D. Mich. 2001). The first element of the Thomas framework is not in dispute.[1] Thus, the Court proceeds directly to the remaining elements.

---

[1] In a diversity action, venue is proper in a judicial district where any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §1391(a). Plaintiff worked in Defendant's Durham location. Despite the

In assessing the second and third Thomas elements, the Court considers the following nine factors: (i) the convenience of witnesses; (ii) the location of relevant documents and relevant relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of the operative facts; (v) the availability of process to compel the attendance of the unwilling witnesses; (vi) the relative means of the parties; (vii) the forum's familiarity with the governing law; (viii) the weight accorded plaintiff's choice of forum; and (ix) trial efficiency and the interests of justice, based on the totality of the circumstances. Overland, Inc. v. Taylor, 79 F. Supp.2d 809, 811 (E.D. Mich. 2000). No one single factor is dispositive when determining whether to transfer venue to a more convenient venue; rather, transfer is appropriate only if the balance of factors strongly favors the defendant. Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951). See also Dowling v. Richardson-Merrel, Inc., 727 F.2d 608, 612 (6th Cir. 1984) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

The moving party bears the burden of demonstrating by a preponderance of the evidence that these factors "strongly favor" the transferee forum. Domino's Pizza PMC v. Caribbean Rhino, 453 F. Supp.2d 998, 1008 (E.D. Mich. 2006). A plaintiff's choice of forum is generally given deference; thus, transfers are not granted where "the result is simply to shift the inconvenience from one party to another." Audi AG v. Izami, 204 F. Supp.2d 1014, 1023 (E.D. Mich. 2002).

---

fact that Plaintiff traveled overseas and also worked from her home office in Michigan, she maintained an office in North Carolina and stayed there several days of the month conducting business and research. In addition, the majority of the events alleged in Plaintiff's complaint occurred in North Carolina. For these reasons, this case could have been brought in the Middle District of North Carolina.

4

### B. Discussion

The Court considers each of the nine <u>Thomas</u> factors, in turn, and ultimately concludes that they do not weigh "strongly in favor" of transfer.

### 1. Convenience of Witnesses

The convenience of witnesses is one of the most important factors for the purposes of the transfer of venue analysis. <u>Thomas</u>, 131 F. Supp.2d at 937. The controlling factor when considering the convenience of witnesses is the relative importance of the witnesses rather than the number of witnesses. <u>Id</u>.

Defendant asserts that both the majority of the witnesses and the key witnesses are located either in North Carolina or states other than Michigan. Defendant also claims that those witnesses who live out of state commute to the Durham office. In particular, Defendant points out that the alleged harasser resides and works in North Carolina. Defendant concludes that for these reasons it is more convenient for the witnesses and the company for the case to be tried in North Carolina.

Plaintiff, on the other hand, disputes Defendant's claim that no witnesses are located in Michigan. She points out that she herself is a key witness, as well as her family members and doctors, all of whom reside in Michigan. According to Plaintiff, the alleged harasser does not live in North Carolina. He works in Durham and stays in a hotel during the work week, but returns home to his family in Maryland on the weekends. Plaintiff also contests the importance of Defendant's witnesses and argues that the burden placed on them would be the same regardless of the forum. According to Plaintiff, the witnesses discussed by Defendant reside outside North Carolina and, while they have offices and conduct business in Durham, they are rarely there and, while there, they stay at a hotel. Consequently, Plaintiff contends that they

5

would have to pay travel and hotel expenses regardless of whether the case is tried in Michigan or North Carolina.

Defendant responds that the convenience of Plaintiff's witnesses in Michigan should not be considered because and Michigan witnesses are relatively unimportant, as they would testify to the remote issue of damages i.e., Plaintiff's emotional distress. Defendant also disputes Plaintiff's argument that the burden on the witnesses would be the same regardless of the venue because travel is required to either location. However, Defendant provides no other reasoning or support other than the conclusory statement that travelling to Michigan would be significantly more burdensome than traveling to a location to which they routinely travel for business and where significant company business is transacted.

The Court agrees with Defendant that most of the significant witnesses in the case are not located in Michigan. At the same time, the majority of the witnesses reside outside North Carolina. Accordingly, this factor does not weigh in favor of transfer, as the majority of witnesses will have to travel to either venue, and Defendant will incur the costs of travel and hotel expenses in either Michigan or North Carolina.

### 2. Convenience of Obtaining Documents

Defendant asserts that the majority of the pertinent documents in this case are located at a facility in North Carolina, or at Defendant's corporate headquarters in California. As such, Defendant concludes that, although it would not be impossible to send the documents to Michigan for trial, it would be more expensive and inconvenient to do so.[2] On the other hand, Plaintiff points out that Defendant's documents are not the only ones relevant to the case; indeed, Plaintiff states that she plans to present medical documentation from her Michigan-based doctor.

---

[2] There has been no showing that Defendant's documents would be difficult or expensive to move.

The Court finds that the convenience of obtaining documents does not weigh in favor of transfer, as some of the pertinent documents are located in Michigan, others are located in North Carolina, while others are located California. As to the documents located in California, Defendant has not explained why it would be more expensive and inconvenient to move them to Michigan than to North Carolina. Therefore, this factor does not weigh in favor of transfer.

### 3. Parties' Convenience

Plaintiff argues that the present forum is more convenient for her. Defendant argues that the Middle District of North Carolina is more convenient for it. Defendant also contends that a transfer would not impose any significant inconvenience on Plaintiff.

Plaintiff counters that she has no business to conduct in North Carolina and thus has no reason to travel to North Carolina. Plaintiff points out that she would have to pay her own personal expenses, as well as the costs of litigation outside her choice of forum.

Having weighed the burdens on both parties and giving deference to Plaintiff's forum choice, the Court is not persuaded by Defendant's argument that trying the case in the Middle District of North Carolina would be substantially more convenient for the parties on the whole. Accordingly, this factor does not weigh in favor of transfer.

### 4. Locus of Operative Facts

Defendant notes that the alleged wrongdoing – including hostile work environment, sex discrimination, retaliation, and discharge in breach of public policy – occurred in North Carolina, and not in Michigan. Defendant cites a recent Michigan Supreme Court decision, <u>Brightwell v. Fifth Third Bank of Mich.</u>, 790 N.W.2d 591 (Mich. 2010), for the proposition that the proper venue for ELCRA claims is where the alleged violation occurred and specifically, where the employee is no longer able to enter her place of work. <u>Id</u>. Defendant argues that the proper

7

venue is where the adverse employment decision "is implemented." Based on Brightwell, Defendant concludes that the proper forum is North Carolina because Plaintiff was no longer entitled to enter the Durham office location, her assigned work location. However, Plaintiff responds that her termination actually occurred in Michigan because she primarily worked from her home office in Ann Arbor. Indeed, she conducted business with Defendant's Michigan customers, and her termination resulted in her being denied access to Defendant's software and network, which she accessed from her home office in Ann Arbor.

Plaintiff was denied access not only to her North Carolina office, which she seldom used, but more importantly to her research and work materials, located in Defendant's computer system and accessed by Plaintiff from Michigan. Because this case involves conduct that occurred not only in North Carolina but also over the wires, Brightwell is distinguishable; the Court is not persuaded that the locus of operative facts occurred in North Carolina. Accordingly, this factor does not weigh in favor of transfer.

### 5. Availability of Process to Compel Witness Attendance

Pursuant to Federal Rule of Civil Procedure Rule 45(b)(2), a subpoena may be served at any place within the district of the issuing court or outside that district but within 100 miles of where the deposition, hearing, trial, production, or inspection is being held. The witnesses discussed by Defendant work in North Carolina, although not everyday. Many of them reside in states outside the 100 mile radius of North Carolina, but also outside the 100 mile radius of Michigan. A court may compel a non-party to travel up to 100 miles of any place the person resides, is employed, or regularly transacts business. See Cooper Tire & Rubber Co. v. Farese, F.3d 446, 452 (5th Cir. 2005). The only court that has the authority to compel the attendance of unwilling witnesses who regularly work in Durham is the Middle District of North Carolina.

8

Plaintiff's witnesses include herself, her doctor, her friends, and her family members, all of whom are unlikely to require a subpoena to compel attendance. Accordingly, this factor weighs in favor of transfer.

### 6. Relative Means of Parties

Plaintiff states that she is one individual pursuing a claim against a national corporation with significantly more resources than her. She argues that it would be more burdensome for her to incur the extra costs and expenses of moving litigation from her chosen forum than for Defendant, who is responsible for the costs regardless of where the case is adjudicated. Defendant fails to respond to this argument. Thus, this factor does not weigh in favor of transfer.

### 7. Forum's Familiarity With Governing Law

Plaintiff's claims are brought under Michigan law. This Court is likely more familiar with Michigan law than a court located in another state. Moreover, although Plaintiff plans to add Title VII claims, no such claims have been asserted as of today's date. In any event, there is no reason why a federal court outside this district would be more familiar with the law under Title VII than this Court. Defendant points out that Plaintiff filed her right-to-sue documentation with the EEOC's North Carolina location and not its Michigan location. Regardless of where EEOC documents were filed, the claims currently asserted are governed exclusively by Michigan law. Therefore, this factor does not weigh in favor of transfer.

### 8. Weight Accorded Plaintiff's Choice of Forum

In Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981), the United States Supreme Court held that the presumption in favor of the plaintiff's choice of forum "applies with less force" where the plaintiff is foreign. Plaintiff argues that the presumption applies with full force here because she is not foreign. Defendant relies on its arguments concerning the locus of

operative facts and convenience of witnesses to make the showing that Plaintiff's forum choice should be defeated. The Court is not convinced by Defendant's arguments, and accords Plaintiff's forum choice full deferential force. Accordingly, this factor does not weigh in favor of transfer.

### 9. The Interest of Justice: Public Interest

Courts consider the following factors when taking into account public interest in determining the appropriate forum: (i) the administrative difficulties flowing from court congestion; (ii) burden on the jury; (iii) the familiarity of the forum with the law that will govern the case; (iv) the local interest in having localized interests decided at home; and (v) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947). The Sixth Circuit has emphasized that the burden of jury duty should not be imposed on the people of a community that has no relation to the plaintiff. Nicol, 188 F.2d at 537-538.

The first factor, court congestion, does not weigh in either forum's favor, as this Court has no reason to believe that one forum is more congested than the other.

Regarding burden on the jury and the interest in having localized interests decided at home, on one hand, the victim is a Michigan citizen, and thus Michigan citizens have an interest in the dispute. On the other hand, Defendant is not a Michigan resident, and much of the alleged misconduct occurred in North Carolina. Thus, North Carolina courts have an interest in this matter, as well. This factor is a wash.

The third factor, familiarity with the governing law, favors denial of transfer, as Plaintiff's claims are brought under Michigan's ELCRA.

Lastly, the fifth factor, avoidance of unnecessary problems of conflicts of law, does not weigh in favor of transfer. Like the preceding factor, there will be less conflicts of law in this Court than elsewhere, where the law may differ.

## IV. CONCLUSION

For the reasons stated above, the Thomas factors do not "strongly favor" transfer. Accordingly, Defendant's motion to transfer is denied.

SO ORDERED.

Dated: July 6, 2011            s/Mark A. Goldsmith
      Flint, Michigan            MARK A. GOLDSMITH
                                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2011.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager